TAYLOR v. METRO-GOLDWYN-
MAYER STUDIOS et al.
No. 12809.

United States District Court
S. D. California, Central D.
July 17, 1953.

Norman Newmark and E. Patrick Friel, Los Angeles, Cal., for plaintiff.

Loeb and Loeb, Los Angeles, Cal., Harry L. Gershon, Los Angeles, Cal., for defendant.

WESTOVER, District Judge.

This matter comes before the court upon the motion of defendants for summary judgment.

Plaintiff filed a complaint for damages for plagiarism, alleging in part that plaintiff "created invented and originated certain designs, scenes and lighting effects, the latter being produced by particular arrangements of cameras and lights and by certain movements, positions and character of color screens." In a deposition plaintiff testified that the basic "idea" was as follows:

"The whole—to sum up this whole idea, it's really painting by light. In other words, it's transmission of white light through colored screens and knowing what type of costume, what material, and the sets and costumes that will reflect this light to the best advantage."

And, relative to a fountain scene, plaintiff stated:

"The idea of the fountain coming up in this manner and the figure in the center of the fountain. The fountain dies and there is a figure."

When this matter first came to its attention the court was of the opinion plaintiff was attempting to obtain a priority on ideas However, it now appears it is not the "idea" to which plaintiff claims a right but rather the technique or "know how" of putting the idea into concrete form. In a Memorandum of Points and Authorities in opposition to motion for summary judgment it is stated:

"Plaintiff claims no right in any bare, isolated, individual idea, without representation or expression, such as light or color, and the like. What she does claim in this action is a property right in a *new and original representation and expression* of a unique and novel combina-

tion of ideas, employing the manner of use and application of colored lighting by particular kinds of filters and colors thrown upon carefully selected materials, objects, backdrops, surface water, sub-water coral, sub-water tested substances, and the like, together with the artistic fashioning of designs and selected scenes, all by her original combination of which (her technique and method) she achieved new and novel effects, scenes and designs in *reflected colored lighting* for motion pictures."

In the picture "Duchess of Idaho," plaintiff conceived an idea of having a living figure in the center of a fountain, which figure was hidden while the fountain was in action, but as the waters of the fountain slowly diminished was disclosed to view. The plaintiff does not claim any property right in the idea of a fountain, the diminishing water flow, nor in the idea of the concealed, central figure of the fountain. For centuries fountains have been used by sculptors and artists, and the playing water has hidden or partially concealed a center figure therein. All that plaintiff did in the fountain scene was to substitute a human figure for a marble figure, increase the density of the water curtain, and use colored light effect to highlight the central figure. This she claims was an original idea.

In attempting to sustain her position, plaintiff relies on the cases of Stanley v. Columbia Broadcasting System, 35 Cal.2d 653, 221 P.2d 73, 23 A.L.R.2d 216, and Golding v. R. K. O. Pictures, Inc., 35 Cal.2d 690, 221 P.2d 95. In 1947, however, Section 980 of the California Civil Code was amended, which amendment abrogated the rule of protectibility of an idea as expressed in the Stanley and Golding cases and accepted the traditional common law theory of protectible property rights.

Plaintiff's attorney conceded in oral argument that it was impossible at the present time in California to attain a property right or a priority for ideas. Ideas are free to the world, and one person's idea can be appropriated by another with impunity. However, it is not the idea which is important (according to counsel for plaintiff), but it is the "know how" of putting the idea across. Plaintiff does not claim she has invented anything new. Her claim is that she has taken things and substances well known in the industry and by an unique and novel combination of ideas has produced new and novel effects. Plaintiff contends that because of her "know how," obtained by years of experiments with lights and lighting effects, she has been able to produce a new and novel and better lighting effect relative to stage illumination and the highlighting of characters.

Plaintiff alleges she created, invented and orginated certain designs, scenes and lighting effects, the latter being *produced* by particular arrangements of cameras and lights, et cetera. Plaintiff does not claim defendants have copied an original design or an original scene. Plaintiff does contend that through lighting effects which were produced by particular arrangements of cameras and lights, by positions and character of colored screens, she obtained a property right in such production.

Lighting effects are as old as the theatre itself. From the very beginning of theatrical performances it was necessary to illuminate the stage. Lighting progressively grew through the use of torches, oil lamps, gas, electricity, to modern-day spot illumination and colored light filters and screens; and it may be that plaintiff, because of the peculiar arrangements of lights and screens, has been able to obtain a better lighting effect than has been heretofore obtained.

Certainly plaintiff cannot obtain a property right because of the arrangement of cameras, as cameras have been moved from place to place and in all sorts of positions and angles since the inception of motion pictures. Screens have been used to reflect light, and from

the earliest origin of the motion picture industry lights have been used to highlight the actors and actresses and important props when scenes were taken indoors. Not only that but filters and reflectors have also been used in connection with lights to obtain the shade or intensity of light desired.

The California Supreme Court, in Weitzenkorn v. Lesser, Cal., 256 P.2d 947, 955, said:

"In the Stanley and Golding cases, protection was extended to an 'idea' rather than to the form and manner of its expression. The judgment in favor of Stanley was affirmed upon the ground that his idea was the new and novel combination of elements for a radio program. * * * Such extension of protection to an idea transcends the normal bounds of common law copyright, [citing cases] in which ideas 'are free as air'. * * *

"The 1947 amendment to section 980 has eliminated the protection formerly given to 'any product of the mind'. * * * The Legislature has abrogated the rule of protectibility of an idea and California now accepts the traditional theory of protectible property under common law copyright."

Defendants, for the purpose of the motion, conceded plaintiff's sketches and the ideas therein expressed were original; that defendants had access thereto, and that insofar as there is a similarity between scenes in defendants' motion pictures and plaintiff's sketches and ideas, the similarity is the result of copying. By this concession for the purpose of the motion (that plaintiff's ideas were original; that defendants had access thereto and that they were copied) defendants have placed plaintiff in a position as advantageous as it would have been if she had succeeded in proving such issues in a trial of the case.

Admitting the ideas were original; that defendants had access thereto, and that there is similarity and copying, nevertheless, it is the defendants' position plaintiff cannot recover and, consequently, that motion for summary judgment should be granted. We therefore come back to the proposition advanced by counsel in oral argument—that it is not the idea which is protectible but rather the "know how" of expressing the idea.

Counsel for plaintiff uses the word "know-how." Defendants' counsel employed the term "technique and method." Whether "know how" or "technique and method" is used, it appears the claim made by plaintiff is that the "know how" or "technique and method" is protectible. Defendant argues that technique and methods are not legally protectible.

A learned member of this court, the Honorable Leon R. Yankwich, in writing on the originality in the law of intellectual property, 11 F.R.D. 457, at page 480, says:

"* * * the courts, while extending originality to expressions of ideas in diverse dramatic forms, will not protect mere mechanical devices used in production, gestures or motions of actors or the movements of a dance or spectacle."

■ It is defendants' contention in the case at bar that plaintiff here is attempting to obtain protection for mere mechanical devices used to achieve the results realized. The location of cameras, the use of various, colored lights with different intensities, the colored screens, the reflection of lights from props or from costumes—these are certainly nothing more than mechanical devices. As heretofore mentioned, plaintiff does not claim anything new in the lights, filters, screens, materials used for props and costumes, nor in camera angles. Her claim is based only upon a combination of a number of mechanical devices which she alleges achieves a new and novel result.

In Seltzer v. Sunbrock, D.C., 22 F. Supp. 621, at page 629, the Court pointed out:

" * * * An examination of the description of complainant's dance, as filed for copyright, shows that the end sought for and accomplished was solely the devising of a series of graceful movements, combined with an attractive arrangement of drapery, lights, and shadows, telling no story, portraying no character, depicting no emotion. * * * "

And the Court continues:

"The merely mechanical movements by which effects are produced on the stage are not subjects of copyright where they convey no ideas whose arrangement makes up a dramatic composition."

In the case at bar plaintiff contends the arrangements of lights and color, the arrangements of props or draperies by merely mechanical means, are subject to protection. From the authorities examined by the court it does not appear possible for plaintiff to maintain an action based upon an idea, as ideas are not protectible but are as free as the air, to be used by anyone who so desires. If plaintiff has any protectible right, it is the right of "know how" as plaintiff describes it, or "technique and method" as defendants describe it, and regardless of whether it is "know how" or 'technique and method" the end achieved depends absolutely on mechanical devices relative to the use of light refraction or light and color.

In her deposition plaintiff stated that what she has really accomplished is "painting by light", and it seems to the court "painting by light" is no more protectible than painting by oil. The result accomplished depends upon the ability of the painter—the technique used—and ability or technique certainly is not protectible.

 It may be plaintiff believes the arrangement of cameras and lights and the use of materials was a secret process—something not known to the general public, and that because she had developed something not known to the general public she had property right thereto, and defendants, in appropriating her "secret" process without her authority, have thereby become liable. If such is the belief, plaintiff is brought squarely within the rule as announced in Aktiebolaget Bofors v. United States, D.C., 93 F. Supp. 131.

In that case the plaintiff had developed a secret process and had disclosed it to a licensee. When the licensee used the secret process other than as contemplated by plaintiff, he filed a suit for damages. The Court said, in part, 93 F.Supp. at page 133:

"Property rights in an unpatented secret process are circumscribed and limited. * * * So long as the secret remains intact, any one who invades it, is guilty of a tortious act.

"On the other hand, once a secret process becomes public, provided the disclosure is not obtained by unlawful means, the property rights in the secret come to an end. The information that had previously been private is thrown into the public domain. If the person who originally owned the secret desires to maintain a monopoly, he must have recourse to the patent laws and obtain a patent on his invention, if, indeed, it is patentable. * * * "

Consequently, if in the instant case the plaintiff did have a secret process and it was disclosed to the defendant voluntarily, then plaintiff lost monopoly, as her process was thereby thrown into the public domain.

Inasmuch as this court does not feel plaintiff has a cause of action which she can maintain for the reason that (1) her idea is not protectible and (2) the "know how" or "technique" is not protectible, consequently plaintiff cannot maintain this action.

Motion for summary judgment granted.

Findings of Fact, Conclusions of Law and Judgment in conformity herewith are to be prepared by counsel for defendants, to be filed with the Clerk of this court on or before August 10, 1953.